IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL WAYNE SMITH                                                   PETITIONER
ADC # 104786

       V.                      Case No. 2:19-cv-02052-PKH-MEF

WENDY KELLEY, Director,
Arkansas Department of Correction                                          RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed April 9, 2019 by Petitioner, Michael Wayne Smith ("Smith"). (ECF No. 1). Respondent filed her Motion to Dismiss and supporting brief on May 21, 2019. (ECF No's. 13, 14). Petitioner filed an Answer to Respondent's Motion to Dismiss on June 10, 2019. (ECF No. 16). The matter is ready for Report and Recommendation.

**I. Background**

On May 11, 2015, Smith entered the First National Bank branch located on Midland Blvd. in Fort Smith, Arkansas shouting "this is a hold up," and brandishing what appeared to be a handgun wrapped in a black plastic bag. He demanded cash, and then fled the bank with $6,930.00. He was later located sitting on the steps of a home near the bank. The clothes he wore during the robbery had been thrown up on the roof of the house, and officers located the stolen (marked) money and a plastic gun inside the concrete steps Smith was sitting on. (ECF No. 14-3, p. 12). On May 12, 2015, an Information was filed against Smith in the Circuit Court of Sebastian County, Arkansas, alleging that he committed the offenses of Aggravated Robbery (Ark. Code Ann. § 5-12-103(a)(1)), a Class Y Felony, and Theft of Property (Ark. Code Ann. § 5-36-103(a)(1) & (b)(2)(A)), a Class C Felony.

(*Id*., pp. 5-6).

On May 13, 2015, Smith attacked a fellow inmate in the Sebastian County Adult Detention Center and struck him in the head and neck with a closed fist. When deputies went into the cell to restrain Smith, they found a pack of cigarettes in his sock. (*Id*., p. 12). Another Information was filed on May 13, 2015, charging Smith with Furnishing a Prohibited Article (Ark. Code Ann. § 5-54-119(a)(1)), a Class C Felony, and Battery in the Third Degree (Ark. Code Ann. § 5-13-203(a)(1)), a Class A Misdemeanor. (*Id*., pp. 9-10).

On August 11, 2015, upon motion made by Smith's counsel, the Court ordered a forensic mental evaluation to determine Smith's criminal responsibility and fitness to proceed. (*Id*., p. 6). Paul L. Deyoub, Ph.D. performed the forensic evaluation on September 15, 2015, and he submitted his report to the Court on October 22, 2015. (*Id*., pp. 135-50). Dr. Deyoub opined that Smith had the capacity to understand the proceedings against him and to assist effectively in his own defense. (*Id*., p. 135). Dr. Deyoub stated Smith had a mental disease, but not a mental defect, and he diagnosed Smith with the following mental impairments: Schizophrenia, Paranoid Type; Other Substance Abuse Disorder (Polysubstance Use Disorder, Moderate to Severe, in long remission); and, Personality Disorder, Not Otherwise Specified. (*Id*.). Dr. Deyoub reported that, at the time of the alleged conduct, Smith had the capacity for the culpable mental state that is an element of the charged offense; had the capacity to appreciate the criminality of his conduct; and, had the capacity to conform his conduct to the requirements of the law. (*Id*., p. 136). Dr. Deyoub found that Smith "had the kind of insight and description of his symptoms that most Schizophrenics[,] especially those who are having active symptoms[,] do not display." (*Id*., p. 141). He also noted that Smith said he was only off his medication for one day at the time of aggravated robbery on May 11, 2015; that

"[e]ven if he had been off his medication there was no indication that he had any psychiatric hospitalizations in the days[,] weeks[,] or months prior to this offense"; and, "[h]e had the capacity to appreciate the criminality of his conduct because he made an effort to escape, tried to conceal his identity, he talked about wanting to bond out quickly[,] and there were no statements in the police report of a psychotic or paranoid nature." (*Id*., p. 145).

On November 25, 2015, Smith appeared with his public defender, Christina Scherrey, before the Hon. Stephen Tabor, Circuit Judge, for a change of plea hearing. (ECF No. 14-2). Smith was advised of the charges against him and the possible penalties, and he acknowledged understanding each of the charges and the possible penalties. (*Id*., pp. 2-3). He confirmed reading and understanding a Plea Statement of Guilty and the Terms and Conditions of a Suspended Sentence. (*Id*., pp. 3-4). He stated that he had gone over these documents with his counsel, and she answered any questions he had about them. (*Id*., p. 4). He denied having any questions for the Court about the documents, and he acknowledged signing both documents. (*Id*.). Ms. Scherrey also confirmed that Smith read and understood the plea documents. (*Id*.). Smith then pleaded guilty to the four charges. (*Id*.). Smith acknowledged that by pleading guilty he was giving up his constitutional rights to a jury trial; to confront the witnesses against him; to testify on his own behalf and to call other witnesses on his behalf; and, that he was giving up his right to appeal any sentence that may be imposed. (*Id*., pp. 4-5). Ms. Scherrey expressed her belief that Smith understood and wished to waive his rights. (Id., p. 5). Smith stated that his pleas were being entered based on a plea agreement, and he stated his understanding of the plea agreement ("25 with 15 suspended"). (*Id*.). He denied that any force, threats, promises, or coercion of any kind was used to get him to enter his guilty pleas. (*Id*., p. 6). Ms. Scherrey then set forth the factual basis for the pleas, and Smith

admitted those facts were true. (*Id*., pp. 6-7). Smith admitted he was pleading guilty because he was guilty. (*Id*., p. 7). Judge Tabor then imposed sentence, including "25 years in the Arkansas Department of Corrections with an additional suspended imposition of sentence of 15 years" on the aggravated robbery charge. (*Id*.). The Court specifically informed Smith that "when you are released from prison, your suspended sentence will begin to run," and violation of any of the terms of his suspended sentence can result in a petition to revoke and an additional sentence. (*Id*., p. 8).

The Sentencing Order was entered by the Court on December 1, 2015. (*Id*., pp. 13-18). No direct appeal was taken by Smith.

Smith timely filed a Rule 37 Petition for post-conviction relief on February 25, 2016. (*Id*., pp. 19-24). He asserted three grounds for relief, all relating to ineffective assistance of counsel: (1) failure to investigate the circumstances and facts of the case, specifically the failure to "go over motion of discovery with me"; (2) failure to communicate, alleging counsel only visited twice in eight months; and, (3) failure to investigate his criminal background and to challenge application of the 100% statute (i.e., Ark. Code Ann. § 16-93-609 (2016 Repl.)). (*Id*., pp. 21-22).

A hearing on Smith's Rule 37 Petition was held by Judge Tabor on April 27, 2016. (*Id*., pp. 81-110). The Court entered Findings of Fact and Conclusions of Law on May 26, 2016 denying Smith's Rule 37 Petition. (*Id*., pp. 75-76). Smith filed a Notice of Appeal on June 9, 2016. (*Id*., pp. 77-79). The Supreme Court of Arkansas delivered its Opinion and Formal Order on November 17, 2016 dismissing Smith's appeal. (ECF No's. 14-4, 14-5).

Smith filed the instant Petition under § 2254 on April 9, 2019. (ECF No. 1). Smith states five grounds for habeas corpus relief: (1) his guilty plea was not knowingly, intelligently, or voluntarily made (*Id*., pp. 9-14); (2) ineffective assistance of counsel for failing to challenge

application of Ark. Code Ann. 16-93-609 (*Id.*, pp. 14-16); (3) mental incompetence at the time of his guilty plea (*Id.*, pp. 16-19 ); (4) ineffective assistance of counsel for failing to investigate the case (*Id.*, pp. 19-22); and, (5) ineffective assistance of counsel for only visiting twice at the jail while Smith was incarcerated there (*Id.*, pp. 22-24). Regarding the timeliness of the Petition, Smith requests equitable tolling of the one-year limitation period due to his history of severe mental health problems. (*Id.*, p. 26).

Respondent filed her Motion to Dismiss and supporting brief on May 21, 2019. (ECF No's. 13, 14). She asserts that Smith's Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1) because Smith did not file it within one year of the date when his conviction became final, and he is not entitled to statutory or equitable tolling.

Petitioner filed an Answer to Respondent's Motion to Dismiss on June 10, 2019. (ECF No. 16). He contends equitable tolling is warranted not only from May 19, 2017 through June 27, 2018 (Petitioner's time allegedly spent in punitive segregation), and up until February 11, 2019 (covering Petitioner's time spent in the mental health facility at the Malvern Unit), but also up until February 25, 2019 (because the Cummins Unit's law library computer was inoperable). (*Id.*, p. 13).

## II. Discussion

### A. Date of Finality

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The running of the statute of limitations, for purposes of § 2244(d)(1), "is triggered ... by the conclusion of all direct criminal appeals in the state system...." *Smith v. Bowersox*, 159

F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999).

In Arkansas, a criminal defendant generally has 30 days from "the date of entry of a judgment" in which to file an appeal, Ark. R. App. P. - Crim. 2(a)(1), but a criminal defendant has no right to appeal from a guilty plea, except for an appeal from a conditional guilty plea based on the denial of a suppression motion. *See* Ark. R. App. P. - Crim. 1(a) ("Except as provided by [Rule 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere."). The United States Supreme Court has specifically instructed, however, that the expiration of the deadline for filing an appeal is the critical trigger for AEDPA's limitations period. *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). Thus, for a state prisoner, like Smith, who does not seek review in the State's highest court, the judgment becomes "final" on the date that the time for seeking such review expires. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) ("Our reading of the Supreme Court's several holdings leads us to conclude that the critical date for finality of the state-court conviction is the expiration of the state's filing deadline.").

Following Smith's change of plea hearing on November 25, 2015, a Sentencing Order was entered on December 1, 2015. (ECF No. 14-3, pp. 13-18). The filing deadline for a direct appeal expired 30 days later, on December 31, 2015, and that is the date Smith's judgment became "final." The next day, on January 1, 2016, the AEDPA one-year statute of limitations was triggered.

### B. Statutory Tolling

The one-year period of limitation does not necessarily run continuously. Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Smith properly filed a petition for post-conviction relief under Ark. R. Crim. P. 37.1 on February 25, 2016. (ECF No. 14-3, pp. 19-24). Thus, from January 1, 2016 to February 25, 2016, Smith allowed 56 days of his one-year AEDPA limitations period expire.

The Sebastian County Circuit Court denied Smith's Rule 37 Petition on May 26, 2016. (*Id.*, pp. 75-76). Smith filed a timely Notice of Appeal on June 9, 2016. (*Id.*, pp. 77-79). That proceeding remained pending until the Supreme Court of Arkansas delivered its Opinion and Formal Order on November 17, 2016 dismissing Smith's appeal. (ECF No's. 14-4, 14-5). Therefore, a period of 266 days would be excluded from the limitations calculation pursuant to § 2244(d)(2).

After the conclusion of Smith's Rule 37 proceedings on November 17, 2016, Smith still had 309 days (365 - 56 = 309) within which to timely file a federal habeas petition under 28 U.S.C. § 2254. That put his AEDPA deadline on Friday, September 22, 2017. Smith did not file his instant § 2254 Petition until April 9, 2019, over one and one-half years after his time to do so had expired. Smith acknowledges that his petition is untimely under AEDPA, but he requests application of equitable tolling due to his "lengthy history of severe mental health problems." (ECF No. 1, pp. 26-29).

### C. Equitable Tolling

Because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, it is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Nelson v. Norris*, 618 F.3d 886, 892-93 (8th Cir. 2010) (quoting *Holland*, 130 S.Ct. at 2562) (internal quotations omitted).

Case 2:19-cv-02052-PKH Document 19 Filed 08/05/19 Page 8 of 13 PageID #: 352

"Equitable tolling is an exceedingly narrow window of relief" that "is proper only when circumstances beyond a petitioner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (quoting *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007)). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (internal citation omitted). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001). The burden of proving the existence of such extraordinary circumstances rests with the prisoner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient "degree and duration." *Williams v. Hobbs*, No. 5:11CV00238 JLH/JTR, 2013 WL 628338, at *4 (E.D. Ark. Jan. 23, 2013) (citing *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (*per curiam*) (unpublished opinion)). Regarding the circumstances when a prisoner's mental illness may support equitable tolling, a rule has been formulated: "equitable tolling is warranted when petitioner sustains the burden of showing that mental illness during the limitations period actually made timely filing impossible because he either was substantially incapable of rational thought or unable to determine he must take legal steps." *Schleicher v. Fabian*, Civil No. 07-4207 (DWF/AJB), 2008 WL 4104702, at *6 (D. Minn. Aug. 28, 2008).

In an effort to fit within that "exceedingly narrow window of relief," Smith alleges that he has "a lengthy history of severe mental health problems, and that information was made known prior

to and during Petitioner's trial court proceedings." (ECF No. 1, p. 26). He further alleges that on May 17, 2017, his mental health deteriorated to such an extent he began walking around his barracks "hollering that he was a sinner" and causing a disruption. (*Id.*, p. 27). That incident resulted in his placement in punitive isolation, and "all of his personal property, including his legal work, were conficated (sic)." (*Id.*). Smith says he remained in isolation until June 27, 2018, at which time he was transferred to the mental health facility at the Ouachita River Unit in Malvern, Arkansas, but he claims his legal work was not transferred with him. (*Id.*). He then received mental health treatment, including a change in his medication, and he was eventually returned to general population on February 11, 2019. (*Id.*, pp. 27-28). Still, Smith alleges, his property and legal work were not returned to him. (*Id.*, p. 28). He adds that the law library's printer was out of service for approximately two weeks; but, with the help of an inmate assistant, he was able to prepare and submit his federal habeas petition. (*Id.*, pp. 28-29).

Prior to his guilty pleas, and upon motion of his counsel, Smith underwent a forensic psychological evaluation. (ECF No. 14-3, p. 6). Paul L. Deyoub, Ph.D. performed the forensic evaluation on September 15, 2015, and he opined that Smith had the capacity to understand the proceedings against him and to assist effectively in his own defense. (*Id.*, p. 135). Dr. Deyoub stated Smith has a mental disease, but not a mental defect, and he diagnosed Smith with Schizophrenia, Paranoid Type, Other Substance Abuse Disorder (Polysubstance Use Disorder, Moderate to Severe, in long remission), and Personality Disorder, Not Otherwise Specified. (*Id.*). Dr. Deyoub further reported that Smith had the capacity for the culpable mental state required of the charged offenses; had the capacity to appreciate the criminality of his conduct; and, had the capacity to conform his conduct to the requirements of the law. (*Id.*, p. 136). Notably, Dr. Deyoub found that Smith "had

the kind of insight and description of his symptoms that most Schizophrenics[,] especially those who are having active symptoms[,] do not display." (*Id*., p. 141). Dr. Deyoub also noted that Smith told him he was only off his medication for one day at the time of aggravated robbery on May 11, 2015; that "[e]ven if he had been off his medication there was no indication that he had any psychiatric hospitalizations in the days[,] weeks[,] or months prior to this offense"; and, "[h]e had the capacity to appreciate the criminality of his conduct because he made an effort to escape, tried to conceal his identity, he talked about wanting to bond out quickly[,] and there were no statements in the police report of a psychotic or paranoid nature." (*Id*., p. 145).

Respondent submitted Smith's "Status Assignment Sheet" at the ADC. (ECF No. 14-6). Smith is shown as a "New Commitment" on December 7, 2015, being housed at the Sebastian County jail on "County/City Jail Backup." (*Id*., p. 9). He is shown to be a new commitment at the Ouachita River Correction Unit ("ORCU") on January 14, 2016. (*Id*.). He remained at ORCU until January 29, 2016, when he was transferred to the Cummins Unit and given a barracks (BK20) and work (Indus Garment Factory) assignment. (*Id*.). While his bed assignment changed at times, classification reviews done on March 14, 2017 and April 13, 2017 both resulted in no change. (*Id*., p. 8). On May 19, 2017, the date of his alleged mental deterioration, his housing assignment was changed to "Administrative Confinement." (*Id*.). Contrary to Smith's allegation that he did not violate any rules and was not disciplined (ECF No. 16, p. 2), a disciplinary action for "Creating Unnecessary Noise" and "Failure to Obey Order Of Staff" is noted on May 24, 2017, resulting in a verbal reprimand. (ECF No. 14-6, p. 8). A classification review on June 1, 2017 shows that Smith was placed in restrictive housing with an afternoon job on the Hoe Squad. (*Id*.). The Status Assignment Sheet documents numerous subsequent disciplinary actions, including: August 2, 2017

(*Id.*, p. 7); September 6 and 13, 2017 (*Id.*, p. 6); December 20, 2017 (*Id.*, p. 5); March 8, 2018 (*Id.*, p. 4); and, May 2, 2018 (*Id.*).

Smith was transferred to the ORCU Mental Health Residential Program Unit on June 27, 2018, where he was given an initial bed assignment. (*Id.*, p. 3). He was placed in disciplinary confinement on July 5, 2018, and a disciplinary action on July 11, 2018 resulted in 20 days of punitive isolation. (*Id.*). Smith was also disciplined on July 13 and 23, 2018, resulting in isolation to be served for 20 days and 15 days, respectively. (*Id.*, p. 2). He was returned to a regular bed assignment on August 18, 2018. (*Id.*). Smith's "Good Time" classification improved from Class IV to Class III on October 18, 2018, and to Class II on November 15, 2018. (*Id.*, p. 1). He completed mental health treatment on February 11, 2019 and was transferred back to the Cummins Unit, where he was initially placed in "Administrative Confinement," and then returned to a general population barracks assignment on February 19, 2019. (*Id.*).

Despite bearing the burden of showing that his mental illness during the limitations period actually made timely filing impossible because he either was "substantially incapable of rational thought" or "unable to determine he must take legal steps," Smith has provided no mental health treatment records to support his request for equitable tolling. He has not provided any evidence that he had a mental impairment so severe that it would have somehow prevented him from timely filing a federal habeas petition. *See Williams v. Hobbs*, 2013 WL 628338, at *4 (petitioner participated in regular mental health counseling, indicated he was working on "clemency papers," and demonstrated the ability to complete paperwork requesting changes in work assignments and participation in anger management); *Rios v. Mazzuca*, 78 F. App'x 742, 744 (2d Cir. 2003) (unpublished opinion) (Rios produced no documentation showing that during the period of time from

his conviction until his deadline for filing a habeas petition he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps, nor that his mental illness kept him from acting with diligence); *Lococo v. Missouri Dept. of Corrections*, No. 4:08CV149 HEA, 2008 WL 681720, at *1 (E.D. MO. Mar. 7, 2008) (petitioner's equitable tolling claims are wholly conclusory and are unsupported by any evidence): *Schleicher v. Fabian*, 2008 WL 4104702, at *7 (conclusory claims are insufficient to warrant equitable tolling; petitioner need not have the capacity to supervise or assist his attorney, only to understand that legal steps are required). Upon such a record, the undersigned cannot find that Smith satisfied his burden of proving that extraordinary circumstances beyond his control made it impossible for him to file a federal habeas petition on time.

Nor can the undersigned conclude that Smith acted diligently in bringing his habeas petition before this Court. Nearly two months (56 days) of his one-year AEDPA limitations period passed before he filed his Rule 37 post-conviction proceeding in State Court. That collateral proceeding statutorily tolled the limitations period until November 17, 2016, when the Arkansas Supreme Court affirmed the denial of post-conviction relief. At that point, Smith was housed in general population and was assigned to work in the prison's garment factory. (ECF No. 14-6, p. 8). Even assuming *arguendo* Smith's mental health deteriorated to such an extent that on May 19, 2017 he was placed in punitive segregation, without his legal papers, and remained there until being sent to the ORCU Mental Health Residential Unit on June 27, 2018, he had over six months from the denial of his Rule 37 proceedings on November 17, 2016 until the alleged deterioration of his mental state on May 19, 2017 to timely file a federal habeas petition. The failure to do so does not demonstrate that Smith was diligently pursuing his rights. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)

(petitioner still had over six months to complete his federal habeas petition after his return to his usual quarters); *Lewis v. Hobbs*, Case No. 5:13CV00158 BSM/BD, 2013 U.S. Dist. LEXIS 182554, at *7 (E.D. Ark. Nov. 5, 2013) (petitioner still had four months to timely file federal habeas petition).

Smith has presented no evidence upon which to find that he pursued his federal habeas rights diligently, but that some extraordinary circumstance prevented a timely filing of his federal habeas claims, so as to invoke the doctrine of equitable tolling. Smith's § 2254 Petition is untimely and subject to summary dismissal.

### III. Conclusion

For the reasons and upon the authorities discussed above, Smith's § 2254 Petition is time barred and subject to summary dismissal. Equitable tolling of the one-year limitations period provided for in 28 U.S.C. § 2244(d)(1)(A) is applicable in this case, and the Court need not reach and address the merits of Smith's untimely claims. Accordingly, it is recommended that Respondent's Motion to Dismiss (ECF No. 13) be **GRANTED**, and that Smith's Petition Under 28 U.S.C. § 2254 (ECF No. 1) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of August 2019.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE